1
2
3
4
5

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARMAAL SMITH, | Case No. 1:16-cv-00200-LJO-SMS |
| Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITON SHOULD NOT BE DISMISSED FOR UNTIMELY FILING |
| v. | |
| CHRISTIAN PFEIFFER, Warden, | |
| Respondent. | (Doc. 1) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  In his petition, filed on January 22, 2016, Petitioner alleges a violation of the Fourteenth Amendment due process right in relation to a prison disciplinary proceeding.  Doc. 1.  Rule 4 of the Rules Governing section 2254 Cases in the United States District Courts requires the Court to conduct a preliminary review and dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"  Rule 4 of the Rules Governing Section 2254 Cases.  If, however, the Court decides not to dismiss the petition, it "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action[.]"  *Id.*

For the reasons stated below, Petitioner is ordered to show why the undersigned should not recommend dismissal of the petition for failure to comply with the one-year limitation under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

1

I.       BACKGROUND

The petition consists of a handwritten brief with two exhibits.[1]  Collectively, they show the following: Correctional Officer V. Catalina issued a Rules Violation Report ("RVR") on November 2, 2010, which states he discovered a torn mattress and bedsheet in Petitioner's cell.  Officer V. Catalina then located a document ("Exhibit B") which states Petitioner was assigned a clean and untorn mattress.  When given the opportunity, Petitioner refused to sign a trust withdrawal form to cover the cost of the torn mattress and bedsheet.  He was found guilty and assessed a sixty-day credit forfeiture along with a charge of $56.76.  Petitioner appealed the decision to the Office of Appeals, California Department of Corrections and Rehabilitation ("CDCR").  The appeal reached the third level of administrative review, wherein the Appeals Examiner ordered the RVR reissued and reheard again.

Before the new hearing, an investigative employee ("IE") was assigned to "gather facts and clarify issues of the alleged violation for the Senior Hearing Officer [(SHO)]."  Doc. 1, p. 45.  Speaking with the IE, Petitioner stated he "was living in that [cell] for six to seven months before they even had me sign the Exhibit B."  When asked if he still signed Exhibit B "even though it was months later," Petitioner replied, "Yes."  Petitioner had a number of questions for Officer V. Catalina, which could not be answered as he had separated from state service.

The new hearing occurred on July 9, 2012.  As requested by Petitioner, another correctional officer, Bachman, appeared by phone.  The SHO asked Officer Bachman whether he had Petitioner sign Exhibit B.  Officer Bachman replied he did not remember but that he "asked many inmates in the past to sign an Exhibit B when they move into a cell."  The SHO then asked Petitioner "why he would sign . . . Exhibit B if it was not accurate," to which he replied, "I was told to."  Based on the November 2, 2010 RVR, Exhibit B, the IE report, and Petitioner's testimony, the SHO ruled against

[1]  In his brief, Petitioner cites to exhibits A, B, C, D, and E, but the petition includes only Exhibits A and B.  Doc. 1.  Nonetheless, the Court is able to address the petition without requiring Petitioner to resubmit exhibits C, D and E.

2

1
2
Petitioner.  He was, again, assessed a sixty-day credit forfeiture and a charge of $56.76.  Doc. 1, pp. 43-44.

3
4
5
6
7
8
9
10
11
Petitioner, again, appealed the decision to the Office of Appeals and requested the RVR be dismissed with a restoration of good time credit and removal of any holds on his account.  His request was denied at the second level of administrative review.  The reviewing warden explained: "The inmate offered a defense, there is no compelling reason the SHO should accept this defense." The warden concluded the SHO's "finding was reasonable and the inmate has failed to provide sufficient evidence his procedural or due process requirements have been violated[.]"  The warden noted a procedural error with respect to the credit restoration disciplinary free period and ordered the RVR modified accordingly.  Doc. 1, p. 40.

12
13
14
15
16
17
18
19
Thereafter, Plaintiff appealed to the third level of review.  On September 24, 2012, the Office of Appeals rejected the appeal and stated: "The issue you are appealing received a modification order at the previous level of review.  You must allow sufficient time for the modification order to be completed prior to submitting the issue to the next level of review."  Ten months later, on June 24, 2013, the appeal was cancelled because Petitioner did not resubmit his appeal until May 7, 2013, and therefore had "exceed[ed] [the] time constraints to submit for third level review."

20
21
22
23
24
25
26
Petitioner alleged he filed a petition for writ of habeas corpus in the Superior Court of Del Norte County on March 10, 2014, and that court denied the petition on May 1, 2014, on the grounds it was untimely because "Petitioner waited eight months to file it."  Doc.1, p. 9.  Petitioner then filed a petition in the First Appellate District of California on July 18, 2014,[2] which was denied on July 29, 2014.  Finally, he filed a petition with the California Supreme Court on April 30, 2015,[3] which was denied on July 15, 2015.

27
28
[2]  Absent Exhibit D, a search on the California Courts' website revealed the filing date. http://appellatecases.courtinfo.ca.gov (last visited January 1, 2017).
[3]  Absent Exhibit E, a search on the California Courts' website revealed the filing date.  *Id*.

1

2

3

4

    In sum, Petitioner seeks an order from the Court: (1) directing the CDCR's Office of Appeals, at the third level of review, to accept the administrative appeal as timely and address the merits thereof, or (2) reverse the guilty finding and order immediate release of his trust account in the amount of $56.76 and restore the good time credits forfeited.

5

6

## II.    DISCUSSION

### A. *Legal Standards*

7

8

9

10

11

12

13

14

    Under section 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see Williams v. Taylor*, 529 U.S. 362, 375 n. 7 (2000).  Importantly, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposed a one-year limit on state prisoners' federal habeas petitions.  *See* 28 U.S.C. § 2244(d)."  *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003).  Expressly stated:

15

16

17

18

19

20

21

22

23

24

25

26

27

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28

28 U.S.C. § 2244(d)(1).  The "one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' 28 U.S.C. § 2244(d)(1), even if the petition challenges a pertinent administrative decision rather than a state court judgment."  *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004).  And "§ 2244(d)(1)(D) . . . would apply to habeas petitions that challenge administrative bodies such as parole and disciplinary boards."  *Id*. at 1066 (citation omitted).

But the limitation may be statutorily tolled, as section 2244(d) also provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  "[A]n application is pending as long as the ordinary state collateral review process is 'in continuance'-*i.e.,* 'until the completion of' that process.  In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'  *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002).  This includes "the time between a lower state court's decision and the filing of a notice of appeal to a higher state court[.]"  *Id.* at 217.  It also applies "to California's unique state collateral review system-a system that does not involve a notice of appeal, but rather the filing (within a reasonable time) of a further original state habeas petition in a higher court[.]"  *Id*.  And specific to California, "the timeliness of each filing [is determined] according to a 'reasonableness' standard."  *Id*. at 221.

Additionally, a petition may be equitably tolled.  To qualify, a petitioner must "show[] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citation omitted).  "The diligence required . . . is reasonable diligence . . . not maximum feasible diligence[.]"  *Id*. at 653 (internal quotations and citations omitted).  And "[p]etitioner must show that some external force caused his untimeliness, rather than mere

1
2

oversight, miscalculation or negligence. *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (internal quotations and citation omitted).

3

B. *Analysis*

4

5

6

7

The Court has statutory authority to review the petition because Petitioner, who is in custody pursuant to a State court judgment, alleges a deprivation of his Fourteenth Amendment due process right in relation to a prison disciplinary proceeding. And because the petition was filed after 1996, AEDPA governs. *See Lindh*, 521 U.S. at 322.

8

9

10

11

12

13

14

As an initial matter, it is unclear when Petitioner received notice of the Office of Appeal's June 24, 2013 decision cancelling his appeal. Liberally construed, Petitioner must have learned of the decision no later than March 10, 2014, when he filed the state habeas petition with the Superior Court of Del Norte County. Consequently, the one-year limitation period under AEDPA began to run the day after, March 11, 2014, and Petitioner had until Mar 11, 2015 to file his federal habeas petition if no tolling applied. *See* 28 U.S.C. § 2244(d)(1)(D); *Shelby*, 391 F.3d at 1065-66.

15

16

17

18

19

20

21

22

23

24

25

At first blush, it appears Petitioner effectively tolled the one-year limitation when he filed the first state habeas petition on March 10, 2014, well before the March 11, 2015 deadline. Problematic, however, is the fact that as Petitioner reports, the Del Norte County Superior Court found the petition untimely. And because an untimely petition cannot be deemed properly filed, statutory tolling under section 2244(d)(2) was not triggered. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("a petition that cannot even be initiated or considered due to the failure to include a timely claim is not properly filed") (internal quotations and citation omitted). The first state habeas petition therefore did not toll the one-year limitation, which continued to run from March 10, 2014 to May 1, 2015, when the court issued its decision.

26

27

28

Next, Petitioner filed a state habeas petition with the First Appellate District on July 18, 2014. But because that court summarily denied the petition without reason, it is presumed that untimeliness was also the reason. *See Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (In

reviewing a state court's summary denial of a habeas petition, this court must look through the summary disposition to the last reasoned decision.") (internal quotations and citation omitted). Similarly, no tolling applied, and the one-year limitation continued to run until July 29, 2015, when the First Appellate District issued its decision.

Finally, Petitioner filed a state habeas petition with the California Supreme Court. That court denied the petition with only a citation to *In re Dexter*, 25 Cal. 3d 921 (1979) and hence no discussion of timeliness. But because the petition was on April 30, 2015, fifty days after the March 11, 2015 deadline, there can be no statutory tolling. Failing to trigger the statutory tolling permitted under section 2244(d)(2), the petition here was therefore untimely.

As to equitable tolling, the petition is devoid of facts which support a finding favorable to Petitioner.

### III.   CONCLUSION

Accordingly, the Court ORDERS Petitioner to show why his petition should not be dismissed for failure to comply with AEDPA's one-year limitation. Petitioner may do so by submitting a brief within thirty (30) days setting forth the reasons which support a finding of equitable tolling to warrant concluding that the petition was timely filed. Petitioner is admonished that failure to timely comply with this order will result in a recommendation that the petition be dismissed.

IT IS SO ORDERED.

Dated:   **January 5, 2017**                    **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE