# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARMAAL SMITH,<br><br>    Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | Case No. 1:16-cv-00200-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 16) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On November 2, 2010, Petitioner was issued a rules violation report ("RVR") for destruction of state property. The RVR was reissued and reheard two times. The final disciplinary hearing took place on July 9, 2012. The Senior Hearing Officer found Petitioner guilty. Petitioner was assessed a sixty-day credit forfeiture and a charge of $56.76. (ECF No. 1 at 41–47).[1] Petitioner administratively appealed the decision. On September 24, 2012, the Office of Appeals rejected the appeal and stated: "The issue you are appealing received a modification order at the previous level of review. You must allow sufficient time for the modification order

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

to be completed prior to submitting the issue to the next level of review." (ECF No. 1 at 33). Ten months later, on June 24, 2013, the appeal was canceled because Petitioner did not resubmit his appeal until May 7, 2013, and therefore had "exceed[ed] [the] time constraints to submit for third level review." (ECF No. 1 at 32).

On March 6, 2014,[2] Petitioner filed a state petition for writ of habeas corpus in the Del Norte County Superior Court. (ECF No. 21 at 9–71). The superior court denied the petition as untimely on May 1, 2014. (ECF No. 21 at 73–74). On July 15, 2014, Petitioner filed a state habeas petition in the California Court of Appeal, First Appellate District, which summarily denied the petition on July 29, 2014. (ECF No. 21 at 77–145). On April 16, 2015,[3] Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition on July 15, 2015. (ECF No. 21 at 147–256).

On January 5, 2016, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1). On February 11, 2016, the petition was transferred to this Court. (ECF No. 5). On January 9, 2017, the Court ordered Petitioner to show cause why the petition should not be dismissed as untimely.[4] (ECF No. 12). On March 9, 2017, the Court discharged the order to show cause because the Court was unable to determine whether the petition was timely filed based on the record before the Court at the time. (ECF No. 15).

On May 9, 2017, Respondent filed a motion to dismiss the petition on the grounds that the petition is untimely, unexhausted, and procedurally barred. (ECF No. 21). Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 24, 26).

///

///

---

[2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).

[3] The petition has a received stamp date of April 16, 2015, and a filed stamp date of April 30, 2015. (ECF No. 21 at 147). The Court will deem the petition filed on July 14, 2014, the date most favorable to Petitioner.

[4] The order to show cause was issued by Magistrate Judge Sandra M. Snyder. Thereafter, the case was reassigned to the undersigned. (ECF No. 13).

## II.

## DISCUSSION

**A. Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Ninth Circuit has held that when a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) applies and AEDPA's one-year limitation period runs from when the factual predicate of the habeas claim could have been discovered through the exercise of due

3

diligence. Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012). The Ninth Circuit further held that "[a]s a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." Id. Here, Petitioner's administrative appeal was canceled at the third level of review on June 24, 2013, and Petitioner did not appeal the cancellation. Accordingly, the one-year limitation period commenced running the following day, June 25, 2013, and absent tolling, was set to expire on June 24, 2014. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

1. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Even assuming that the limitation period was tolled during the pendency of Petitioner's three state habeas petitions, the Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied.

Two hundred fifty-four days elapsed between the date Petitioner's administrative appeal was canceled (June 24, 2013) and the date Petitioner filed his first state habeas petition in the Del Norte County Superior Court (March 6, 2014). The Court assumes, without deciding, that AEDPA's one-year clock stopped while Petitioner's three state habeas petitions were pending (March 6, 2014–July 15, 2015). Thereafter, 173 days elapsed before Petitioner filed the instant federal habeas petition (January 5, 2016). This adds up to a total of 427 days. Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

2. Equitable Tolling

The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

4

Petitioner argues that he is entitled to equitable tolling because from September 29, 2010 to January 30, 2014, Petitioner was occupied with preparing pleadings in his other cases. (ECF No. 24 at 6–7). Additionally, from October 2012 to August 2014, Petitioner was placed in the Security Housing Unit ("SHU"), which limited his access to the law library and legal materials. (Id. at 9). The Ninth Circuit has held that being in administrative segregation with limited access to the law library does not constitute an extraordinary circumstance warranting equitable tolling. Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). Moreover, the Court notes that during the time Petitioner was in the SHU, Petitioner filed an opening appellate brief, a federal habeas petition, a motion for reconsideration, and petition for certiorari. (ECF No. 24 at 6–7). Petitioner does not provide an explanation as to why being in the SHU with limited law library access prevented him from timely filing the instant federal habeas petition but did not prevent him from preparing these other filings. Based on the foregoing, Petitioner is not entitled to equitable tolling. Therefore, as the instant petition was not timely filed, dismissal is warranted on this ground.

**B. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, the California Supreme Court denied Petitioner's petition with citation to In re Dexter, 25 Cal. 3d 921, 925–26 (Cal. 1979). (ECF No. 21 at 256). The pages cited by the California Supreme Court provide that "prisoners are generally required to seek administrative relief before resorting to the courts." Dexter, 25 Cal. 3d at 926. The Ninth Circuit has held that "[f]or the purposes of the exhaustion doctrine . . . [i]f the denial of the habeas corpus petition

1 includes a citation of an authority which indicates that the petition was procedurally deficient or
2 if the California Supreme Court so states explicitly, then the available state remedies have not
3 been exhausted as the California Supreme Court has not been given the required fair opportunity
4 to correct the constitutional violation." Harris v. Superior Court, 500 F.3d 1124, 1128 (9th Cir.
5 1974) (en banc). District courts have regularly held that California Supreme Court denials with
6 citation to Dexter indicate that the petitioner has not exhausted state judicial remedies. See, e.g.,
7 Herrera v. Gipson, No. 2:12-cv-2982 TLN DAD P, 2014 WL 5463978, at *2 (E.D. Cal. Oct. 27,
8 2014) (collecting cases).

Petitioner has not provided the California Supreme Court with a full and fair opportunity to consider each claim before presenting it to the federal court. Therefore, the petition is unexhausted, and the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). Accordingly, dismissal is warranted on this ground.

**C. Procedural Default**

A federal court will not review a petitioner's claims if the state court has denied relief on those claims pursuant to a state law procedural ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729–30 (1991). This doctrine of procedural default is based on the concerns of comity and federalism. Id. at 730–32. However, there are limitations as to when a federal court should invoke procedural default and refuse to review a claim because a petitioner violated a state's procedural rules. Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).

To qualify as "independent," a state procedural ground "must not be 'interwoven with the federal law.'" Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting Michigan v. Long, 463 U.S. 1032, 1040–41 (1983)). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" Walker v. Martin, 562 U.S. 307, 316 (2011) (quoting Beard v. Kindler, 558 U.S. 53, 60 (2009)). The Ninth Circuit has taken a burden-shifting approach to determining the adequacy of a state procedural ground. See Bennett, 322 F.3d at 586. First, the state must plead an independent and adequate state procedural bar as an

affirmative defense. The burden then shifts to the petitioner "to place that defense in issue." Id. The petitioner's burden can be satisfied by "asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." Id. If the petitioner satisfies his burden, the burden shifts back to the state, which bears "the ultimate burden of proving the adequacy" of the state procedural bar. Id. at 585–86.

Here, the California Supreme Court denied Petitioner's habeas petition with a citation to Dexter, requiring exhaustion of administrative remedies. (ECF No. 21 at 256). Respondent has met the initial burden of pleading the state procedural rule requiring exhaustion of administrative remedies. Petitioner does place the defense in issue given that he simply argues that the citation to Dexter constituted a merits determination. See Jameson v. Yates, 397 F. App'x 406, 407 (9th Cir. 2010) (finding district court properly determined it was barred from reaching merits of claims by the state meeting initial burden of adequately pleading the existence of California's independent and adequate procedural rule requiring exhaustion of administrative remedies). Accordingly, dismissal is warranted on this ground.

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 16) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling

pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 2, 2017**

_____
UNITED STATES MAGISTRATE JUDGE